IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-35575 |
| BROUGHER, INC. | § | |
| *Debtor* | § | CHAPTER 11 |
| | § | |
| JOHN BAUMGARTNER, TRUSTEE OF | § | |
| THE BROUGHER LITIGATION TRUST | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | ADV. NO. 18-03058 |
| | § | |
| BLAKE PARTNERS AND | § | |
| WADE BROUGHER | § | |
| *Defendants* | § | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c); AND MOTION TO DIMISS FOR LACK OF STANDING UNDER RULE 12(b)(1)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Defendants, Blake Partners, LP and Wade Brougher, respectfully file this motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), and alternately to dismiss this action for lack of standing.

## Standard for Rule 12(c) Judgment on the Pleadings

1. Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. FED. R. CIV. P. 12(c).[1] This court ordered that dispositive motions be filed by February 21, 2019.

2. A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995); *see also St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

3. "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain. The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. We will not, however, accept as true conclusory allegations or unwarranted deductions of fact." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-313 (5th Cir. 2002) (citations and quotations omitted)(stating the standard under Rule 12(c)).

## Judicial Notice of Record

4. In considering a motion to dismiss an action, this Court may take judicial notice of adjudicative facts within the scope of Federal Rule of Evidence 201. There is no factual dispute

---

[1] John Baumgartner, Trustee of the Brougher Litigation Trust, filed his Amended Complaint on November 21, 2018. Blake Partners filed its Answer on December 5, 2018. Wade Brougher filed his Answer on December 5, 2018. Accordingly, as of the date of this motion is filed, the pleadings are closed for purposes of Rule 12(c). *Dorwood v. Ramirez*, 2009 U.S. Dist. LEXIS 77710, *67-68 (N.D. Tex. 2009); *Nortel Networks Ltd. v. Kyocera Wireless Corp.*, 2002 U.S. Dist. LEXIS 17845 at n.1 (N.D. Tex. 2002).

as to the content of the documents, pleadings and orders entered on this Court's records in the bankruptcy main case. There is no factual dispute as to the content of the documents referenced or incorporated into this Court's "Order (A) Authorizing and Approving the Sale of Assets to Hilco Industrial, LLC Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (B) Approving the Asset Purchase Agreement, and (C) Granting Related Relief" entered March 3, 2017 (Docket No. 99).

5.  Blake Partners and Wade Brougher ("Defendants") request that this Court take judicial notice of the content of the following documents filed in the underlining bankruptcy case or referenced in documents filed in the bankruptcy case: [2]

> i) Plaintiff's Amended Complaint (Adversary Docket No. 10). (Attached hereto as Exhibit "1").
>
> ii) Debtor's Schedule G (Bankr. Docket No. 39). (Attached hereto as Exhibit "2").
>
> iii) Facilities Net Lease between Blake Partners, L.P. and Brougher, Inc. dated March 1, 2016 (for the monthly amount of $30,000.00). (Attached hereto as Exhibit "3").

---

[2] In reviewing a motion to dismiss to the pleadings, the Court may also consider documents attached to the complaint, and documents attached to the **motion** to **dismiss** to which the complaint refers and which are central to the plaintiff's claim, as well as matters of **public record.** *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891, n. 4 (5th Cir. 1998); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("the court may consider . . . matters of which judicial notice may be taken").

Additionally, or alternatively, in considering a Rule 12(c) Motion, this Court may take judicial notice of another judicial action. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 406, n. 7 (5th Cir. 2004).

Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011); *cf. Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 406, n. 7 (5th Cir. 2004).

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

    iv)     Loan agreement between Blake Partners L.P. and NCC Financial, LLC dated November 12, 2015 (for $2,000,000.00). (Attached hereto as Exhibit "4").

    v)     "Order (A) Authorizing and Approving the Sale of Assets to HILCO Industrial, LLC Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (B) Approving the Asset Purchase Agreement, and (C) Granting Related Relief" entered March 3, 2017 (Docket No. 99). (Attached hereto as Exhibit "5").

    vi)     Order Confirming Debtor's plan, together with 3rd amended plan (Docket No. 142). (Attached hereto as Exhibit "6" in relevant part, p. 34 of the plan).

## Factual Basis for Judgment on the Pleadings in Favor of Blake Partners, L.P. and Wade Brougher and to Dismiss for lack of Subject Matter Jurisdiction

6.     Blake Partners, L.P. is a Texas Limited Partnership with 51% of the partnership shares owned by Wade Brougher and 49% of the partnership shares owned by The Estate of Jerry Brougher (deceased). Jerry Brougher bequeathed his entire partnership interest in Blake Partners to University of Texas. The purchase of the land did not include a deed of trust, and Blake Partner, L.P. owned the property free and clear of liens and interests.

7.     Blake Partners, L.P. purchased land in 2001 at 8881 Hempstead Road, Houston, TX, known as "the Forge Shop" ("the Property"). The purchase was part of a larger steel asset purchase.

8.     On November 12, 2015, Blake Partners, L.P. borrowed $2,000,000.00 from NCC Financial. The $2 million dollar note was for interest payments only with a 12-month balloon payment. Monthly interest payments were $25,000.00. The balloon payment has been extended by NCC Financial, LLC. Currently, principal of $2,000,090.00 is owed by Blake Partners to NCC Financial.

9. Blake Partners, L.P. transferred all of the $2,000,000.00 proceeds into or for Brougher, Inc. in an effort to continue business operations.

10. Blake Partners' sole asset is the real property and improvements thereon on known as "the Forge Shop". Therefore, Blake Partners had no means to pay the NCC Financial note other than through rent from the Property. Accordingly, Blake Partners, L.P. and Brougher, Inc. entered into a Facilities Net Lease on March 1, 2016 for monthly rent of $30,000.00, plus any additional payments which become due under the "triple net lease" provisions.

11. When Brougher, Inc. filed bankruptcy on November 2, 2016, Brougher, Inc. was current on its Forge Shop Lease with Blake Partners.

12. On October 31, 2016, Brougher, Inc. transferred $60,000.00 to Blake Partners consisting of rent for October 2016 and November 2016 pursuant to the Facilities Net Lease.

13. On November 1, 2016, Blake Partners made two payments of $25,000.00 each to NCC Financial, LLC for interest-only notes payments for October 2016 and November 2016.

14. Brougher, Inc. did not make any rent payments post-petition. As of the date of the Asset Sale authorized by this court on March 3, 2017, Brougher, Inc. was in default to Blake Partners, L.P. three months of rent totaling $90,000.00 under the Facilities Net Lease.

15. Therefore, on February 20, 2017, Wade Brougher loaned $50,000.00 to Blake Partners. Blake Partners paid $50,000.00 to NCC Financial on February 21, 2017, which NCC Financial applied to the note payments due for December 1, 2016 and January 1, 2017.

16. Post-petition Brougher, Inc. used the Property as an integrated part of the sale of assets to Hilco Industrial LLC. (See Exhibit 5, Docket No. 99, pp. 12-13, ¶ 3-5 & 7). The Debtor did not formally assume the lease and did not reject the lease. (See Exhibit 6, Docket No. 142, Plan, p. 42, ¶ XII: Treatment of Executory Contracts and Unexpired Leases).

## Cause of Action for Fraudulent Transfer vs. Blake Partners, L.P. and Wade Brougher

17. **Internally Inconsistent Pleadings.** The complaint is internally inconsistent, and therefore the alleged cause of action for fraudulent transfer under section 548 and the alleged cause of action for preferential transfer under section 547 must both be dismissed.

18. The Plaintiff pleads on the one hand that the $60,000.00 was not owed, that Brougher, Inc. did not receive reasonably equivalent value for the payment, and that the transfer should not have occurred. (Amended Complaint, Docket No. 10, ¶¶ 10-12). The Litigation Trustee generally implies that Wade Brougher simply gifted himself $60,000.00 out of Brougher, Inc. into Blake Partners, L.P. (Amended Complaint, Docket No. 10, ¶12).

19. Plaintiff pleads, on the other hand, that Brougher, Inc. owed funds to Blake Partners, that Blake Partners was a creditor of Brougher, Inc. and that the transfer was for an antecedent debt on account of goods sold, services provided or another transaction between Brougher, Inc. and Blake Partners, L.P. (Amended Complaint, Docket No. 10, ¶¶ 17-18).

20. **Vague Complaint Devoid of Facts.** The complaint is so devoid of factual allegations and so devoid of specifics that it cannot meet even the 12(c) standard for a well-pled cause of action. The complaint identifies a $60,000.00 transfer, does not specify who received the payment, assumes that it must be fraudulent, and then simply recites the statutory provisions of section 548. This fails the Rule 12(c) test. By pleading factually inconsistent and incompatible causes of action the Plaintiff has failed to well-plead either cause of action.

21. With respect to Wade Brougher, the complaint does not even identify the payment, the purpose or use of the payment, or allege that Wade Brougher received the payment.

22. With respect to Blake Partners, L.P., the complaint does not identify the purpose or use of the payment or allege that Blake Partners received the payment. The Litigation Trustee's

complaint does not contain the prerequisite factual allegations for section 548. The complaint merely employs recitation of statutes and generalized statements which are proscribed by Rule 12(c) and 12(b)(6).

## Cause of Action for Preferential Transfer

23. The complaint is too vague to constitute a well-pled cause of action for a preferential transfer. The Plaintiff simply assumes that a payment from Brougher, Inc. to Blake Partners, L.P. two days before bankruptcy constitutes a preferential transfer. The complaint does not allege the purpose or application of the payment. Rather, the complaint merely recites the statutory provisions of section 547(b)(1)-(5).

24. With respect to Wade Brougher, the complaint does not even include a definitive allegation that Wade Brougher received the $60,000.00 payment. There are no allegations that Blake Partners, L.P. does not have an independent business purpose or that Blake Partners, L.P. is the alter-ego of Wade Brougher.

25. With respect to Blake Partners, L.P., there are not factual allegations regarding the context and purpose of the payment, and therefore, the complaint does not meet even the standard of Rule 12(c).

26. With respect to the $60,000.00 payment, because the complaint is devoid of any specifics or allegations which would support a preference cause of action, the complaint fails to plead that the $60,000.00 October 31, 2016 payment consisted of two $30,000.00 lease installments for October 1, 2016 and November 1, 2016 rent. By avoiding specifics, the Plaintiff evades the fact that $30,000.00 was not due on an antecedent debt. Rather, it was due for the monthly payment due the next day pursuant to the contractual agreement between Brougher, Inc. and Blake Partners, L.P. 11 U.S.C. §547(b)(2).

## Dismissal for Lack of Subject Matter Jurisdiction – Rule 12(b)(1)

27. The Plaintiff conflates two separate persons on one transfer: Wade Brougher, individually, and Blake Partners, L.P. The Plaintiff is or should be aware that the transfer was from Brougher, Inc. to Blake Partners, L.P. Yet, one transfer is applied to two defendants. Therefore, the same lack of standing of the Litigation Trustee on the $60,000.00 payment applies to Blake Partners and also to Wade Brougher.

28. The Litigation Trustee filed his amended complaint more than eight months after this Court authorized the sale of assets to Hilco Industrial LLC. Future rent was due under the Asset Purchase Agreement pursuant to an "Access License Agreement" between Blake Partners, L.P. and Hilco Industrial LLC. (See Exhibit 5, Order Authorizing Sale, Docket No. 99, pp. 30-36). It is absolutely clear that the Asset Purchase Agreement between Brougher, Inc. and Hilco Industrial LLC is premised on the Debtor allowing Hilco Industrial LLC to use Brougher, Inc.'s leased property 8881 Hempstead Road, Houston, TX. Additionally, if Brougher, Inc. had not retained and used its leasehold from December 2016 through March 2017, it could not have sold the assets to Hilco for the amount set forth in this Court's order. (See Exhibit 5, Order Authorizing Sale, Docket No. 99, p. 13, ¶ 5).

29. It is equally clear that Brougher, Inc. could not have rejected the lease and in fact never rejected the lease, and also sold its personal assets to Hilco Industrial LLC in place on the Property. (See Exhibit 6, Plan, Docket No. 142, p. 38, ¶ XII).

30. Brougher, Inc. labels the ongoing payment on the lease being made by Hilco Industrial LLC pursuant to the Asset Sale as an "access license payment", but it does not change the fact that the lease is an intrical, prerequisite part of Brougher, Inc.'s Asset Sale and that the rent obligation was simply reduced and transferred from Brougher, Inc. to Hilco Industrial LLC.

Therefore, as a matter of law, there was an "applied assumption of the lease" by Brougher, Inc. which was incorporated into the Order Authorizing Sale entered by this Court.

31. The deal was negotiated and completed in an asset purchase agreement between Brougher, Inc. to Hilco Industrial encompassing an "Access License Agreement" with Blake Partners in an amount based on the rent payments previously received by Blake Partners. The Litigation Trustee does not have standing to now demand re-payment of previously paid rent on the lease, which was used by Brougher, Inc., both pre-petition and post-petition and used in and for the sale by Brougher, Inc. to Hilco Industrial LLC.

32. Whether through estoppel or through an implied contract assumption defense, the Plaintiff does not have standing to bring a preference action or fraudulent transfer action for pre-petition payment of rent, and both causes of action must be dismissed. *Paradigm Air Carriers, Inc. v. Tex. Rangers Baseball Partners (In re Texas Rangers Baseball Partners)*, 521 B.R. 134 (Bankr. N.D. Tex. 2014); *Compton v. In Ocean AS (In re MPF Holding US LLC)*, 2013 Bankr. LEXIS 2534, *37-38 (Bankr. S.D. Tex 2013).

## Limitation on Leave to Amend Pleadings

33. Plaintiff filed his Original Complaint on March 26, 2018. Defendants believed the complaint vague and filed a Motion for More Definite Statement under Bankruptcy Rule 7012 and Civil Rule 12(e) on May 16, 2018. The Litigation Trustee filed an amended complaint on November 21, 2018 which is identically vague. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant such leave, the court may consider such factors of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *McDade v. Wells Fargo Bank,*

*N.A.*, 2011 U.S. Dist. LEXIS 118219, *18-19 (S.D. Tex. 2011). The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To determine futility, a court applies the same standard as Rule 12(c) and 12(b)(6). *See id.* The general rule is that the Court should not dismiss a complaint for failure to state a claim under Rule 12(c) or 12(b)(6) without giving the plaintiff an opportunity to amend, but the Court should not permit futile amendments. *LaCroix v. Marshall County, Miss.*, 409 F. App'x 794, 802 (5th Cir. 2011).

34. But, the Litigation Trustee has amended once already, this adversary proceeding has been on file for eleven months, and the Litigation Trustee still has not pled specifically and sufficiently to satisfy the requirement of Rule 12(c). Additionally, by virtue of the Asset Sale Order and on the facts of the Forge Shop Lease, any amendment would be futile. Therefore, under the "futility of amendment" standard, leave to amend should not be granted in this adversary proceeding. *cf. McDade*, 2011 U.S. Dist. LEXIS at *19.

WHEREFORE, PREMISES CONSIDERED Blake Partners, L.P. and Wade Brougher respectfully pray that this Court:

(A) Grant judgment in favor of Blake Partners, L.P. dismissing the cause of action for fraudulent transfer under section 548 and dismissing the cause of action for preferential transfer under 547(b)(5); and

(B) Grant judgement in favor of Wade Brougher dismissing the cause of action for fraudulent transfer under section 548 and dismissing the cause of action for a preference under section 547(b)(5); and

(C) Dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by virtue of Brougher, Inc's use of its lease with Blake Partners, L.P. post-petition and in negotiating and closing the sale of assets to Hilco Industrial LLC; and

(D) Grant Defendants such other relief, in equity or at law, to which they may show themselves justly entitled.

Respectfully submitted,

BY: _____
H. Gray Burks, IV
State Bar No. 03418320
SHAPIROSCHWARTZ, LLP
13105 Northwest Freeway, Suite 1200
Houston, Texas 77040
Telephone: (713) 462-2565
Facsimile: (847) 879-4854
Email: gburks@logs.com
*Attorneys for Blake Partners, L.P. and Wade Brougher*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2019 a true and correct copy of the foregoing Motion was sent by CM/ECF electronic service as follows to:

John Thomas Oldham
Okin Adams LLP
1113 Vine Street, Suite 201
Houston, Texas 77002
***Attorney for Plaintiff***

_____
H. Gray Burks, IV